IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 18-152 |
| ) | |
| ) | |
| TAMRA MOORE, ) | |
| Defendant. ) | |

**ORDER OF COURT**

Before this Court is Defendant's Emergency Motion for Reconsideration (ECF 1639) of this Court's prior Order denying Defendant her fourth postponement of her report date to Federal Medical Center - Carswell.  ECF 1633.  The instant Motion for Reconsideration constitutes Defendant's fifth attempt to delay reporting to prison (to begin her 144-month sentence pursuant to her Rule 11c(1)(C) plea agreement), and further evidences Defendant's "elaborate efforts to [in effect] achieve a non-custodial sentence [or a 'never will report' date] through the back door of never-ending 'medical' maneuvers and motions practice."  ECF 1633 at 2.

Defendant's argument for reconsideration – which is the same as she argued in her motion filed at ECF 1614 – seems to be that because this Court graciously granted her three prior delays in her report date[1] – the Court is obligated to continue to do so.  Defendant claims that: (1) she is unconvinced that she will receive the appropriate medical care from the medical facility where she will be incarcerated, (2) if the prison does not give her the specific medication

---

[1] Although sentenced in January of 2021, the Court gave Defendant until May of 2021 to report due to COVID-19 concerns.  ECF 1624.  In May of 2021, the Court granted Defendant's first request for a delay due to the COVID-19 crisis, and Defendant's need/desire to get vaccinated before entering the prison population given her co-morbidities of obesity and asthma.  ECF 1466.  On September 3, 2021, the Court granted Defendant's second request for a delay due to an asthma attack that sent Defendant to the hospital on the very day she was to report to prison, but ordered her to report to prison on September 17, 2021.  ECF 1562.  On September 15, 2021, the Court granted Defendant's third request for delay to allow Defendant's treating pulmonologist to try a new medication (Nucala), which she has received for at least two months.  ECF 1574.  On September 21, 2021, over 12 weeks ago, the U.S. Marshal Service filed a notice on the docket that Defendant was to report on December 16, 2021 before 2:00 pm to the Federal Medical Center at Carswell.

she requested – Nucala – she cannot hope to survive her prison term, and (3) she supposedly is "only" asking for another one-month delay so she can continue to receive Nucala.  She makes these claims even though she is in receipt of a letter from the Clinical Director, Dr. Langham, M.D., at FMC-Carswell, who had received and reviewed Defendant's actual medical records, which letter detailed the medical facility's ability to provide proper care for Defendant.  See ECF 1613 and ECF 1615-1.

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice.  See *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented.  *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

There are no new legal arguments, facts, or evidence previously unavailable which are now being presented by Defendant in her Motion for Reconsideration. There has been no change in the controlling law. The Court has not committed a clear error of law and there is no manifest injustice to prevent.

Each of Defendant's current and past motions to delay kept moving the "goalpost," but this Court was not and is not obligated to continue to do so. The BOP medical center is prepared to receive Defendant, tomorrow, on schedule, as she was notified by the U.S. Marshal Service on September 21, 2021 of her report date of December 16, 2021.

Accordingly, Defendant's Motion for Reconsideration is DENIED because it fails to satisfy the following criteria for such a motion.

SO ORDERED, this 15th day of December, 2021.

s/ Arthur J. Schwab
United States District Judge

cc:   All counsel of record

3