IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 18-152 |
| ) | |
| ) | |
| TAMRA MOORE, ) | |
| Defendant. ) | |

**MEMORANDUM ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. 3582(c)(1)(A)**

Before the Court is Defendant Tamra Moore's *pro se* "Motion for Compassionate Release Pursant to 18 U.S.C. 3582(c)(1)(A). ECF 1709. In her Motion, Defendant requests that she be released. *Id.* at 3.

I.     BACKGROUND

On January 7, 2021, Defendant was sentenced to 144 months' imprisonment at Counts 3, 4, and 5 to be served concurrently, to be followed by a 8-year term of supervised release at Counts 3, 4, and 5, to be served concurrently for conspiracy to possess with intent to distribute and distribute cocaine base, heroin, and cocaine. ECF 1322. In essence the defendant obtained quantities of heroin, powder cocaine, and crack cocaine which she further redistributed. Defendant's 144-month sentence was based on her plea agreement with the United States Government wherein she agreed to serve 144 months in accordance with Rule 11(c)(1)(C). ECF 906-1.

Defendant's 144-month sentence is far less than the advisory sentencing guideline range of 262 to 327 months' imprisonment that otherwise was applicable to Defendant for her conviction based on her pleading guilty to the offenses charged.[1]

Defendant currently is confined at FMC Carswell, which is a Federal Medical Center, and is projected to be released from the Bureau of Prisons' ("BOP") custody on October 13, 2031.[2]

On July 6, 2022, Defendant filed, *pro se*, her pending Section 3582(c)(1)(A)(i) Motion. ECF 1709.  After requesting three extensions of time to obtain a counseled motion, on March 6, 2023, counsel for Defendant filed a Notice indicating that no counseled motion would be forthcoming and that this Court should rule on Defendant's *pro se* motion filed at ECF 1709. See, ECF 1724, ECF 1764, ECF 1803, and ECF 1825.

In support of her Section 3582(c)(1)(A)(i) Motion, Defendant asserts that her health conditions, specifically her asthma condition, combined with the threat that COVID-19 poses to her, establishes an "extraordinary and compelling" reason, such that her sentence should be reduced to time served pursuant to Section 3582(c)(1)(A)(i).

**II.    STANDARD OF REVIEW**

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. U.S.*, 257 Fed. App'x 477, 479

---

[1] Had Defendant gone to trial, and been convicted, she would have had an offense level of 34 and a criminal history of VI, and the applicable advisory sentencing guidelines range would have been 262-327 months.  U.S.S.G., Chapter 5.

[2] *See* https://www.bop.gov/inmateloc/ (last visited March 19, 2023).  By this Court's calculation, Defendant has 7.5 years remaining on her 12 year sentence. This means that Defendant has served less than half of her full sentence. Approximately 63% of her sentence remains incomplete.

(3d Cir. 2007*); see also Dillon v. U.S.*, 560 U.S. 817, 819 (2010).  One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582.  As amended, that provision allows a court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Additionally, the court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As further explained by the United States Court of Appeals for the Third Circuit in *United States v. Badini*, 839 F. App'x 678 (3d Cir. Mar. 11, 2021):

> The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(A)–(C).

*Badini,* 839 Fed. App'x. at 678-79.

In determining what should be considered an "extraordinary and compelling reason" for sentence reduction under Section 3582, the United States Sentencing Commission has defined the contours of the test, in relevant part, as follows:

1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.

. . .

    (ii) The defendant is
        (I) suffering from a serious physical or medical condition,
        (II) suffering from a serious functional or cognitive impairment, or
        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1.  Notably, given the lack of an updated applicable Policy Statement defining "extraordinary and compelling," the Court of Appeals for the Third Circuit has held that: "the existing policy statement is not applicable—and not binding—for courts considering prisoner-initiated motions" for compassionate release, but that "[t]he policy statement's descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive'."  *U.S. v. Andrews*, 12 F.4th 255, 259, 260 (3d Cir. 2021) (quoting *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (citations and footnote omitted).  Additionally, Congress has made clear that "rehabilitation . . . alone shall not be considered an extraordinary and compelling reason" for a reduction in a defendant's sentence.  28 U.S.C. § 994(t).

The defendant bears the burden of proof, by a preponderance of the evidence, with respect to a motion for compassionate release brought pursuant to Section 3582(c)(1)(A). *U.S. v. Grasha*, 489 F.Supp.3d 403, 406 (W.D. Pa. 2020) (citations omitted).

Finally, there is an administrative exhaustion requirement that must be met before a defendant may file a Section 3582(c)(1)(A) motion with the Court.  As explained by the Court of Appeals for the Third Circuit in *United States. v. Harris,* 973 F.3d 170 (3d Cir. 2020), Section 3582(c)(1)(A) "states that the defendant may file the motion [for compassionate release pursuant

to Section 3582(c)(1)(A)] thirty days after the warden receives his request." *Harris,* 973 F.3d at 171.

### III. DISCUSSION

#### A. Defendant May Not Have Sufficiently Exhausted Her Administrative Remedies

Defendant did not attach to her Section 3582(c)(1)(A)(i) Motion any evidence that she exhausted her administrative remedies with respect to her Section 3582(c)(1)(A)(i) Motion as required by Section 3582(c)(1)(A). ECF 1709. However, Defendant set forth the following in her *pro se* motion:

> Moore put in for Compassionate Release with the Social Worker via electronic email in or around February 2022, therefore the Warden failed to respond within the 30 days. Ms. Moore has met the Exhaustion Requirement. This Court now has jurisdiction to hear Ms. Moore's Motion for Compassionate Release.

ECF 1709 at 2.

Even viewing, liberally, Defendant's Motion, this Court cannot say with certainty that the BOP would have known that Defendant was requesting a reduction in sentence, pursuant to Section 3582(c)(1)(A)(i), on the basis of any of her health reasons set forth in Defendant's Section 3582(c)(1)(A)(i) Motion. Accordingly, the Court finds that Defendant's Section 3582(c)(1)(A)(i) Motion must be denied for failure to exhaust the requisite administrative remedies before filing said Motion.

#### B. Defendant's Section 3582(c)(1)(A)(i) Motion Fails on its Merits

Additionally, having reviewed the merits of Defendant's Section 3582(c)(1)(A)(i) Motion, the Court finds that Defendant's Section 3582(c)(1)(A)(i) Motion will be denied on its merits at this time because Defendant has not established an "extraordinary and compelling" reason for Defendant's 144-month term of imprisonment to be reduced to time served.

This Court sentenced Defendant on January 7, 2021, during the global COVID-19 pandemic. Prior to her sentencing date, this Court received and reviewed the Defendant's presentence investigation report, as well as the sentencing memorandum of her counsel which described in detail her medical conditions and included information from her treating physician. Moreover, this Court continued Defendant's sentencing hearing twice, at her and her treating physician's request, so that she could get her asthma condition stabilized. After her sentencing, the BOP, upon consideration of Defendant's medical needs placed in her in a medical facility. Defend remains in that medical facility to this day. Additionally, Defendant admits in her motion that she has been vaccinated against COVID-19.

In sum, Defendant's asthma condition was known to this Court and the BOP at the time of her sentencing and placement. Her asthma condition and the threat of COVID-19 were taken into account by this Court the BOP at the time of her sentencing and placement. Based on Defendant's motion, no new condition – medical, asthma-related or otherwise -- has developed which would affect or alter the Court's decision to sentence Defendant to the 144 months she agreed to serve.

## IV.    CONCLUSION

For all of the above stated reasons, Defendant's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)(i) is DENIED.

SO ORDERED this 23rd day of March, 2023.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record

Tamra Moore
39059-068
Naval Air Station
J ST BLDG 3000
Fort Worth, TX  7612